Marie Burke Kenny (Bar No. 183640)
Annie Macaleer (Bar No. 273107)
Lauren N. Vega (Bar No. 306525)
PROCOPIO, CORY, HARGREAVES &
  SAVITCH LLP
525 B Street, Suite 2200
San Diego, CA  92101
Telephone: 619.238.1900
Facsimile: 619.235.0398
E-mail:   marie.kenny@procopio.com
          annie.macaleer@procopio.com
          lauren.vega@procopio.com

Attorneys for Defendant
CP KELCO U.S., INC.

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE S. RODRIGUES as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CP KELCO U.S., INC., a Delaware corporation; and DOES 1 through 100,<br><br>Defendant. | Case No. **'17CV1030 AJB NLS**<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant CP Kelco U.S., Inc. ("CP Kelco"), a Delaware Corporation with its principal place of business in the State of Georgia, a defendant in Plaintiff Jose S. Rodrigues's state court civil action, hereby removes to this Court the state court action described below pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

/ / /

## I. PLEADINGS FILED IN STATE COURT

1. On February 2, 2017, Plaintiff filed his state court action entitled *Jose S. Rodrigues, as an individual and on behalf of all others similarly situated v. J.M. Huber Micropowders Inc., a California Corporation; CP Kelco U.S., Inc., a Delaware corporation; and DOES 1 through 100*, in the Superior Court of the State of California, County of San Diego, Case No. 37-2017-00004339-CU-OE-CTL. *See* Declaration of Marie Burke Kenny ("Kenny Decl.") filed concurrently herewith, ¶ 3, Exhibit ("Ex") A. CP Kelco refers to the San Diego Superior Court civil action as the "State Court Action."

2. In the Complaint, Plaintiff asserts four causes of action under California state law: (1) failure to pay minimum wage; (2) failure to provide meal periods and pay meal period premiums, (3) failure to provide accurate itemized wage statements; and (4) violation of California's unlawful business practices law. *See generally*, Plaintiff's Complaint.

3. On April 13, 2017, Plaintiff voluntarily filed a Request for Dismissal of J.M. Huber Micropowders Inc. ("J.M. Huber"). Kenny Decl., ¶ 8, Ex. C. The Request for Dismissal was granted in the State Court Action on April 19, 2017. Kenny Decl., ¶ 10, Ex. D.

4. On April 17, 2017, Plaintiff and CP Kelco entered into a stipulation ("Stipulation") to alter the case caption (to omit references to J.M. Huber), to extend the deadline for CP Kelco to respond to the Complaint, and for Plaintiff to file a First Amended Complaint to add a cause of action for civil penalties under the Private Attorneys General Act ("PAGA"). Kenny Decl., ¶ 9. On April 19, 2017, the court granted the parties' Stipulation. Kenny Decl., ¶ 11, Ex. E.

5. On April 25, 2017, Plaintiff filed his First Amended Complaint, entitled *Jose S. Rodrigues, an individual v. CP Kelco U.S., Inc., a Delaware Corporation; and DOES 1-100*, filed in the Superior Court of the State of California, County of San Diego, Case No. 37-2017-00004339-CU-OE-CTL ("FAC"). Kenny Decl., ¶ 12,

Ex. F.

6. Plaintiff alleges the following causes of action in his FAC: (1) failure to pay minimum wage, (2) failure to provide meal periods and pay meal period premiums, (3) failure to provide accurate itemized wage statements, (4) violation of California's unlawful business practices law, and (5) civil penalties under the Private Attorneys General Act ("PAGA"). Kenny Decl., ¶ 12, Ex. F.

7. On May 17, 2017, Defendant CP Kelco filed its Answer to the FAC. Kenny Decl., ¶ 14, Ex. G

8. As of the date of this Notice of Removal, Exhibits A, C, D, E, F, and G constitute all of the pleadings received or filed by CP Kelco in the State Court Action. Kenny Decl., ¶ 16.

**II.   GROUNDS FOR REMOVAL**

9. Plaintiff's State Court Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one that may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

10. Complete diversity of citizenship exists in that:

   (a) CP Kelco was, at the time the State Court Action was filed, and still is, at the time of removal, a citizen of the State of Delaware with its principal place of business in the State of Georgia;

   (b) Plaintiff was, at the time the State Court Action was filed, and still is, at the time of removal, a citizen of the State of California;

11. As Plaintiff alleges in his FAC, CP Kelco is incorporated in Delaware. Kenny Decl., ¶¶ 4, 12, Ex. F, FAC, 2:3. Furthermore, CP Kelco has its principal place of business in Atlanta, Georgia, where its corporate headquarters are located. Declaration of Heidi Munro ("Munro Decl."), filed concurrently herewith, ¶ 4. CP Kelco's President, Senior Vice President and General Manager, Senior Vice

1 President of Strategy and Chief Financial Officer, Senior Vice President of Operations and Senior Vice President of Global Human Resources are all officers of CP Kelco and are officed at CP Kelco's Atlanta, Georgia headquarters. Munro Decl., ¶¶ 7, 8. These officers make significant corporate decisions and set corporate policy from the Atlanta headquarters. Munro Decl., ¶ 8. They also direct, control, and coordinate CP Kelco's business from the Atlanta headquarters. Munro Decl., ¶ 7. CP Kelco's business unit Board of Directors holds a majority of its board meetings throughout the year at CP Kelco's Atlanta headquarters. Munro Decl., ¶ 7.

12. Plaintiff has been employed at CP Kelco's San Diego, California location for the past 10 years and is still employed at the San Diego, California location. FAC ¶ 9. In his FAC, Plaintiff concedes that at all times relevant to his lawsuit, he "was and currently is, a California resident [,]" however, the FAC does not allege the citizenship of Plaintiff. Plaintiff's FAC, ¶ 3. Nonetheless, Plaintiff's statement that he currently resides in California and resided in California at the time he filed his lawsuit is sufficient to establish that he is a California citizen under the doctrine of continuing domicile for the purpose of removal based on diversity jurisdiction. *See Mondragon v. Capital One Auto Fin.,* 736 F.3d 880, 885 (9th Cir. 2013); *see also Lew v. Moss,* 797 F.2d 747, 751 (9th Cir. 1986) *citing Anderson v. Watts,* 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary.")

13. When a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is **more likely than not** that the plaintiff's claims for relief exceed the jurisdictional minimum, which in this case, is $75,000. *See Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403-04 (9th Cir. 1996).

14. Additionally, "in assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v.*

*Vitran Express, Inc.,* 471 Fed. Appx. 646, 648 (9th Cir. 2012). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually owe*." *Korn v. Polo Ralph Lauren Corp.,* 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005), and *Scherer v. Equitable Life Assurance Society of the United States*, 347 F.3d 394, 399 (2d Cir.2003) (emphasis original)).

15. Plaintiff's FAC does not state the amount in controversy for *his individual claims*, however, CP Kelco has established that, as alleged in Plaintiff's FAC, the amount in controversy for Plaintiff's individual claims more likely than not exceeds $75,000, exclusive of costs and interest. Kenny Decl., ¶ 15, Ex. H.

16. In his wage and hour class action and PAGA representative action, Plaintiff alleges that CP Kelco failed to pay minimum wage, failed to provide compliant meal periods and pay meal period premiums, failed to provide accurate itemized wage statements, had unfair business practices, and owes civil penalties under the PAGA for alleged violations of the California Labor Code. Plaintiff alleges in his FAC that the size of the putative class that he seeks to represent "is greater than one hundred (100) individuals." FAC, ¶ 14. Throughout the FAC, Plaintiff alleges that he seeks to recover on behalf of himself and the individuals that he purports to represent: (1) compensatory damages, including unpaid wages and premium pay for non-compliant and missed meal periods; (2) liquidated damages; (3) penalties and compensation pursuant to California Labor Code sections 226, 226.7, 512, 558, 1194, 1194.2 and 1197.1; (4) interest; (6) restitution pursuant to California Business and Professions Code § 17200 *et seq.*; (7) reasonable attorneys' fees and costs; and (8) other relief the state court may deem just and proper. *See* Kenny Decl. ¶ 12, Ex. F. Relying on Plaintiff's claims as alleged in his FAC, CP Kelco has calculated that the amount in controversy (exclusive of attorneys' fees) for Plaintiff's *individual claims* is approximately $76,031.20, which exceeds the $75,000 threshold. Kenny Decl. ¶ 15, Ex. H.

17. Attorneys' fees are properly included in calculating the amount in controversy for purposes of diversity jurisdiction. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Richmond v. Allstate Ins. Co.,* 897 F.Supp. 447, 450 (S.D. Cal. 1995).

18. In the Prayer for Relief in Plaintiff's FAC, Plaintiff requests attorneys' fees pursuant to California Labor Code sections 226, 1194 *et seq.*, and 2699(g). FAC, 12:15:16. Attorneys' fees are recoverable pursuant to Labor Code sections 226, 1194 *et seq.*, and 2699(g) if Plaintiff prevails on his claims, and may be considered by the court as part of the amount in controversy. Cal. Lab. Code §§ 226, 1194 *et seq.,* 2699(g); *see Davenport v. Wendy's Co.,* 2013 WL 6859009 (E.D. Cal. Dec. 24, 2013). Furthermore, the measure of fees should be the amount that can reasonably be anticipated at the time of removal, not merely those already incurred. *Simmons*, 209 F. Supp. 2d at 1034-35. Importantly, although future attorneys' fees cannot be calculated with precision, federal courts sitting in California have recognized that "25% recovery is the 'benchmark' level for reasonable attorney's fees in class action cases. . . and that such fees are properly included in calculations for the amount in controversy [.]" *See Garibay v. Archstone Communities LLC*, 538 Fed. Appx. 763, 764 (9th Cir. 2013) (recognizing that an employee seeking to remove a case to federal court under the Class Action Fairness Act could meet the amount in controversy using the 25% benchmark if the employer could establish that the underlying amount in controversy was at least 4 million); *see also Long v. Destination Maternity Corp*., 2016 WL 1604968, at *10 (S.D. Cal. Apr. 21, 2016); *Herrera v. Carmax Auto Superstores California, LLC*, 2014 WL 12586254, at *4 (C.D. Cal. June 12, 2014) (Substantial authority supports a "benchmark" 25 percent attorneys' fees figure to be added to any claim for which attorneys' fees are available.); *Sanchez v. Russell Sigler, Inc*., 2015 WL 12765359, at *7 (C.D. Cal. Apr.

28, 2015) ("As Defendant points out, the benchmark for attorneys' fees is 25% of the amount in controversy.")

19. Based on CP Kelco's calculation of the amount in controversy (exclusive of attorneys' fees) for Plaintiff's *individual claims* (approximately $76,031.20), the 25% benchmark rule yields an estimate of $19,007.80 for attorneys' fees allocable to Plaintiff's claims alone. Kenny Decl. ¶ 15, Ex. H.

20. Thus, based on Plaintiff's claims as alleged in his FAC, including his request for attorneys' fees that he would recover if successful on his claims, it is more likely than not that the amount in controversy for Plaintiff's individual claims exceeds $75,000 (and is estimated at $95,039.00).

## III. THE TIMING FOR REMOVAL IS PROPER

21. The timing of CP Kelco's Notice of Removal is procedurally proper pursuant to 28 U.S.C. section 1446(b)(3), which provides the deadline to remove a case when "the case stated by the initial pleading is not removable." 28 U.S.C. § 1446(b)(3). If based on the initial pleading a case is not removable, the defendant may file a notice of removal "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

22. Based on Plaintiff's initial Complaint, there was no basis to remove the State Court Action to federal court. Specifically, diversity jurisdiction did not exist at the time Plaintiff filed his Complaint because J.M. Huber, a California Corporation, was named as a defendant. Kenny Decl. ¶¶ 3-6, 13. After Plaintiff voluntarily dismissed J.M. Huber, CP Kelco filed this Notice within 30 days of the State Court Action becoming removable based on diversity jurisdiction. Kenny Decl. ¶ 13.

## IV. NOTICE TO ALL PARTIES AND STATE COURT

23. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel

certifies that a copy of this Notice of Removal along with all supporting pleadings will be promptly served on counsel for Plaintiff, and also filed with the Clerk of the Superior Court of California, County of San Diego, Central Division. All procedural requirements for notice under 28 U.S.C. § 1446, therefore, will be followed and satisfied.

## V. VENUE IS PROPER IN THIS COURT

24. This Court is the District Court of the United States for the district and division embracing the place where Plaintiff's State Court Action is pending, the Superior Court of California, County of San Diego, Central Division.

## VI. CONCLUSION

WHEREFORE, Defendant respectfully gives notice that the State Court Action now pending in the Superior Court of California, County of San Diego, is hereby removed to this United States District Court, Southern District of California.

DATED: May 18, 2017

PROCOPIO, CORY, HARGREAVES & SAVITCH LLP

By: *s/ Marie Burke Kenny*
Marie Burke Kenny
Annie Macaleer
Lauren N. Vega
Attorneys for Defendant
CP KELCO U.S., INC.